**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**
**MARCH 1997 SESSION**



FILED

May 22, 1997

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No.  03C01-9608-CR-00307 |
| Appellee, | ) |
| | ) Hamilton County |
| V. | ) |
| | ) Honorable Douglas A. Meyer, Judge |
| | ) |
| **DONNA R. WHALEY,** | ) (DUI - Second Offense) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Jerry H. Summers
Jimmy F. Rodgers, Jr.
Attorneys at Law
500 Lindsay Street
Chattanooga, TN 37402-1490

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Sandy R. Copous
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William H. Cox III
District Attorney General

John Bobo, Jr.
Assistant District Attorney General
City and County Building
600 Market Street
Chattanooga, TN 37402

OPINION FILED: _____

**REVERSED AND REMANDED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Donna R. Whaley, was convicted of driving under the influence (DUI), second offense. She was sentenced to 11 months 29 days with probation consideration after 120 days service.[1] The trial court ordered the suspension of her driver's license for two years and the payment of a $510 fine. She appeals raising the following issues for review:

> I. Whether the appellant's prior DUI conviction in Georgia can be used to enhance her current DUI charge because the statutes are not sufficiently similar;
>
> II. Whether Tenn. Code Ann. § 55-10-403(1) is unconstitutionally overbroad and void for vagueness;
>
> III. Whether the trial court erred in finding the appellant guilty of second offense DUI when the record of the conviction was facially invalid; and
>
> IV. Whether the trial court erred in overruling the appellant's motion to suppress the results of the intoximeter test.

Upon review, we reverse the judgment of the trial court.

**FACTS**

The appellant was stopped by a Chattanooga police officer for weaving and driving at night without lights. She smelled of alcohol and had slurred speech. She admitted to the officer that she had drunk five or six beers. The appellant failed three field sobriety tests and registered a .23 BAC on the intoximeter test. She was charged with DUI and taken into custody.

**I**

In her first issue the appellant contends that her Georgia DUI conviction cannot be used to enhance her sentence because Georgia's statute is dissimilar to Tennessee's DUI statute. She avers that the Tennessee legislature only

---

[1]The record reveals that the appellant was sentenced to 11 months and 29 day incarceration. The trial judge did, however, state he would consider a petition for suspended sentence after 120 days.

intended the use of prior, out-of-state, DUI convictions from states that have DUI statutes similar to Tennessee. Respectfully, this Court finds the appellant's contentions misguided. Furthermore, we find that Georgia's DUI statute is substantially similar to Tennessee's.[2]

Upon review of the plain language of Tenn. Code Ann. § 55-10-403(l), we find nothing suggesting that the DUI statute of a foreign state must be similar to that of Tennessee's in order to be used as a sentence enhancer. It appears that the state legislature simply intended to enhance the punishment for repeat DUI offenders. This Court has held that a defendant's prior DUI conviction from another state could be used to enhance the sentence for a defendant's subsequent DUI conviction in Tennessee. State v. Rea, 865 S.W.2d 923, 924 (Tenn. Crim. App. 1992). This holding remains true regardless of how DUI is defined in a foreign state.

A state adopts DUI laws for the protection of its citizens. If a person commits the offense of DUI, that person has disregarded the laws of the state and endangered the lives of its citizens. If a person is convicted of DUI in a foreign state the conviction should be used to enhance a subsequent DUI in Tennessee. A valid conviction from a foreign state should not be ignored or negated simply because the foreign state's DUI statute contains dissimilar elements from Tennessee's statute. Recidivist offenders endanger society. DUI sentencing statutes are designed not only to punish but to deter and rehabilitate. The severity of the deterrence and rehabilitation efforts increase with each subsequent DUI. If this Court held that dissimilar foreign DUI statutes could not be used to enhance Tennessee convictions, this policy of deterrence would be undermined. We, therefore, find the appellant's first issue without merit.

_____

[2]Although this Court does not think similarity between a foreign state's DUI statute and Tennessee's statute is required to use the foreign conviction for enhancement, we feel that Georgia's DUI statute is very similar to Tennessee's. Both Georgia and Tennessee prohibit a person from driving or being in physical control of a vehicle while under the influence of alcohol or drugs. Furthermore, in both states proof of .10 percent or more concentration of alcohol gives rise to a conclusive presumption that the accused was impaired. Tenn. Code Ann. § 55-10-408; Ga. Code Ann. § 40-6-392(b)(4).

## II

In her second issue the appellant contends that Tenn. Code Ann. § 55-10-403(l), the DUI enhancing statute, is unconstitutionally overbroad and vague. She contends the absence of a similarity requirement between the foreign state's DUI statute and Tennessee's DUI statute effectively allows creative and discriminatory use of the statute. We disagree.

A statute is void for vagueness if it is so vague, indefinite, and uncertain that persons must speculate as to its meaning, and if it fails to give a person of ordinary intelligence fair notice that his or her conduct is forbidden by the statute. Underwood v. State, 529 S.W.2d 45 (Tenn. 1975). The pertinent statute states: "[f]or the purposes of enhancing the punishment of a person convicted of violating 55-10-401, the state shall use a conviction for the offense of driving under the influence of an intoxicant that occurred in another state." Tenn. Code Ann. § 55-10-403(l) (1990). This Court finds that this statute is not overbroad or vague. A person of ordinary intelligence should find this statute unmistakably clear. This issue is without merit.

## III

The appellant next contends that her prior Georgia DUI conviction was invalid on its face and therefore, could not be used to establish her status as a second offense DUI offender. The state argues that the appellant's contention is moot because she explicitly stipulated to the fact that she had been convicted in Georgia of DUI. It argues that the appellant should not now be allowed to assert that the Georgia conviction was facially invalid. From a fairness viewpoint, we agree with the state. However, in light of State v. McClintock, 732 S.W.2d 268 (Tenn. 1987), we must agree with the appellant. In the McClintock case, the Tennessee Supreme Court announced that a facially invalid judgment could not

be used to enhance punishment in a subsequent prosecution. Id. at 272. In this case the evidence offered by the state to prove the appellant's prior Georgia conviction was facially invalid.[3]  Had the previous conviction been from a Tennessee court, the facially deficient document could not form a basis for enhancement pursuant to Tenn. Code Ann. § 55-10-403(g)(1) (Tenn. 1993). Tenn. Code Ann. § 55-10-403(g)(2) should be read in conjunction with -(g)(1). This Court believes the General Assembly did not intend to give credence to facially invalid foreign convictions when a court would not do so with a similar Tennessee conviction.  Although, as the state points out, the appellant stipulated that she was convicted of DUI in Georgia, she did not stipulate that the conviction was facially valid or that it met the constitutional requirements of Boykin v. Alabama, 395 U.S. 238 (1969) or the rules of State v. Mackey, 553 S.W.2d 337 (Tenn. 1977).[4]  Accordingly, the appellant's Georgia conviction cannot be used to enhance her current conviction to DUI, second offense.  The appellant is, however, convicted of DUI, first offense.  The trial court shall sentence the appellant accordingly.[5]

IV

In her final issue the appellant alleges the trial court erred in failing to suppress the blood alcohol evidence obtained through an intoximeter test because the implied consent form was vague and misleading.  The appellant contends that the form she signed failed to inform her of the consequences of submitting to such a test.  As a result, the appellant asks this Court to find the implied consent form unconstitutional.  We decline to do so.

---

[3]The copy of the Georgia conviction lacked a judge's signature.  Furthermore, it did not indicate the appellant was represented by counsel or waived her right to counsel.

[4]In Mackey, the Court expanded upon the Boykin directives.  In addition to the Boykin litany, defendants must be apprised of the future enhancement possibilities resulting from their pleas of guilty.

[5]We note that although the appellant's Georgia conviction cannot be used to classify her as a second offender, it can be considered in determining the appropriate sentence within the range for first offense DUI.

The implied consent form unambiguously states:

> [y]ou are under arrest and there are reasonable grounds to believe you were driving or in physical control of a motor vehicle while under the influence of alcohol and/or drugs. As required under T.C.A. 55-10-406, I am hereby requesting you to submit to a chemical test to determine the alcohol and/or drug content of your blood.

The form clearly indicates that the purpose of the test is to determine the drug and alcohol content of the accused's blood. If the results of this test were not going to be used to prosecute the charged crime, there would be no purpose for administering the test. This Court has held that admonitions prior to submitting to a blood alcohol test are not required to sustain a valid consent. King v. State, 598 S.W.2d 834 (Tenn. Crim. App. 1980). The average person understands that the results of a intoximeter test will be used against them. The form is neither vague nor misleading. This issue is without merit.

## CONCLUSION

After reviewing the record and the issues presented for review, we reverse the appellant's conviction for DUI, second offense. However, she is convicted of DUI, first offense. We remand the case for resentencing.

_____

PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
CORNELIA A. CLARK, Special Judge