# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 2000 Session

## STATE OF TENNESSEE v. ANTHONY ROBERTS

### Appeal from the Criminal Court for Davidson County
### No. 98-T-431     Frank G. Clement, Jr., Judge

---

### No. M1999-00750-CCA-R3-CD - filed September 20, 2000

---

Defendant appeals his conviction by a Davidson County jury of DUI second offense. He raises the following issues for our review: (1) whether the trial court erred in denying his motion to suppress based upon the lack of probable cause to arrest; (2) whether the evidence was sufficient to support the conviction; (3) whether the prosecutor committed misconduct during final argument, and (4) whether records pertaining to his prior DUI conviction were properly admitted. Finding no error, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH, J., and L. TERRY LAFFERTY, SENIOR J., joined.

Dennis L. Tomlin, Hendersonville, Tennessee (at trial), and Nan Shelby Calloway, Nashville, Tennessee (on appeal), for the appellant, Anthony Roberts.

Paul G. Summers, Attorney General and Reporter; Lucian D. Geise, Assistant Attorney General; Victor S. (Tory) Johnson III, District Attorney General; Sean K. Allen and Edward S. Ryan, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The state's proof revealed that at approximately 7:30 p.m. on December 16, 1997, Metro DUI Officer Jeb Johnston was dispatched to an accident near Briley Parkway in Davidson County. He encountered the defendant in the driver's seat of his limousine which was stuck in a ditch. The defendant's tires were spinning as the defendant unsuccessfully endeavored to drive out of the ditch.

The officer testified that the defendant had an "extreme odor" of alcohol about him, was very unsteady on his feet, had bloodshot eyes and had slurred speech. The defendant initially stated that

he had been robbed by three men; however, he was unable to describe them. The defendant later changed his account and stated he was attempting to make a U-turn when he got stuck. The defendant subsequently stated he had "four or five vodka drinks." At one point the defendant stated that they were on Second Avenue near his studio, whereas they were in fact nowhere near Second Avenue. The defendant was argumentative throughout his dealings with Officer Johnston. Officer Johnston did not perform field sobriety tests when the defendant stated that one leg was shorter than the other.

After Officer Johnston advised the defendant of the Implied Consent Law, the defendant refused to take the breath-alcohol test. Believing that the defendant was clearly under the influence of an intoxicant, Officer Johnston arrested the defendant for DUI.

Two fire department emergency medical technicians testified for the state. Both testified that the defendant smelled of alcohol. One of the EMT's further testified that the defendant was belligerent, had slurred speech, and was under the influence of an intoxicant.

The defendant testified at trial. He testified he was a Pulitzer Prize winning writer/photographer. He stated that on the night of his arrest he was going to mail a film script and made a wrong turn. He said when he backed up to turn around, one wheel went off the pavement on the grass. According to the defendant, the car would not pull forward.

The defendant denied that he was in a ditch, denied that he was in the vehicle when the officer arrived, denied that he told the officer he was making a U-turn and denied that he told the officer that he had four or five drinks of vodka. He testified that he told the officer he had one vodka drink the night before and three non-alcoholic beers that afternoon. He testified he consumed no alcoholic beverages on the date in question. He further testified that he had a hearing problem which affected his ability to communicate with the officer and further had Meniere's disease which affected his balance while walking.

The jury convicted the defendant of driving under the influence of an intoxicant. In the second stage of the bifurcated trial, the defendant waived a jury. The trial court determined that the defendant had a prior DUI conviction in Kentucky. The defendant was sentenced for DUI second offense and ordered to serve 75 days in the county jail with the balance of 11 months and 29 days on probation.

## MOTION TO SUPPRESS

Defendant contends the officer did not have probable cause to arrest him; therefore, the trial court erred in not suppressing all the evidence. Unfortunately, the record does not contain a transcript of the hearing on the motion to suppress. We are, therefore, precluded from considering this issue. State v. Ballard, 855 S.W.2d 557, 561 (Tenn. 1993). We note, however, that if the evidence at the suppression hearing was similar to the evidence adduced at trial and the trial court

found the officer to be credible, the motion to suppress was without merit. Clearly, the officer had probable cause to approach, interview and arrest the defendant.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends as a part of his argument on the motion to suppress that the evidence was insufficient to support the verdict. We respectfully disagree.

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

Viewing the evidence in a light most favorable to the state, as we must, the evidence is more than sufficient to support the conviction. The state's proof indicated that the defendant had been driving the automobile and smelled of alcohol, had slurred speech, had bloodshot eyes and was unsteady on his feet. According to the officer, the defendant admitted to having consumed several drinks of vodka. The officer and an EMT testified that the defendant appeared to be under the influence of an intoxicant. Although the defendant denied consuming alcohol on the date in question, it was the jury's responsibility to weigh the credibility of the witnesses. The jury chose to discredit the defendant's testimony and accredit the state's witnesses. This was the jury's prerogative. The evidence is sufficient to support the conviction.

## PROSECUTORIAL MISCONDUCT

During final argument the prosecuting attorney argued that the defendant voluntarily gave up his license for one year instead of taking the breath test. Upon objection, the prosecutor rephrased his argument and stated the defendant "knew he could lose his license for a year and still refused to take the breath test." The defendant contends this argument was improper. We disagree.

During trial the officer testified that he advised the defendant, pursuant to the Implied Consent Law, that he would lose his license for one year if he did not submit to the breath test. The officer further stated that the defendant said he understood this.

The admission into evidence of a defendant's refusal to submit to a blood or breath test is proper. State v. Frasier, 914 S.W.2d 467, 471-73 (Tenn. 1996). Since the evidence indicated that the defendant was advised of the consequences of his failure to submit to the breath test, the prosecutor's argument was proper.

## PRIOR DUI CONVICTION

Defendant contends the state did not establish a valid prior DUI conviction. First, he contends the state did not provide notice of enhancement pursuant to Tenn. R. Crim. P. 12.3(a). Second, he contends the records of the alleged Kentucky DUI conviction were inadequate to establish a valid conviction. Finally, he contends the record does not establish that the defendant voluntarily waived his right to counsel. We reject defendant's contentions.

### A. Tenn. R. Crim. P. 12.3(a) Notice

Tenn. R. Crim. P. 12.3(a) requires the district attorney to give notice when seeking enhanced punishment. Tenn. Code Ann. § 55-10-403(g)(2) provides that an indictment alleging a second or subsequent DUI offense must set forth "the time and place of each prior conviction" and, if from another state, the state where the prior conviction was obtained. The indictment in this case specifically identified the 1997 Kentucky DUI conviction. No further notice was required pursuant to Tenn. R. Crim. P. 12.3(a).

### B. Sufficiency of Kentucky Records

The state introduced, pursuant to Act of Congress, several documents relating to defendant's prior DUI conviction in Kentucky. Included in the documents is a guilty plea form signed by the defendant, wherein he indicated his understanding of his right to counsel and various other constitutional rights which were waived. The Abstract of Court Record indicated the defendant was convicted of "Driving Under the Influence/1st Offense" on April 10, 1997, in Trigg County District Court. The state also introduced proof of a restricted driver's license granted by a judge of the Davidson County General Sessions Court based upon this April 1997 Kentucky DUI conviction. We conclude these documents were properly introduced and were sufficient to establish the prior DUI conviction. We further conclude the guilty plea signed by the defendant waiving his right to counsel distinguishes this case from State v. Whaley, which noted the absence of a record reflecting a waiver of the right to counsel. 982 S.W.2d 346, 348, n.3 (Tenn. Crim. App. 1997).

### C. Voluntariness of Plea

Although the defendant testified that he signed the plea of guilty, he stated he did not read the document prior to signing it. Therefore, he contends he did not understand and did not properly waive his right to counsel. Defendant is attempting to collaterally attack his waiver of counsel which is valid on its face. This he may not do. See State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987).

We, therefore, conclude the prior Kentucky DUI conviction was properly introduced and proven.

## **CONCLUSION**

Based upon our review of the record, we affirm the judgment of the trial court.

_____

JOE G. RILEY, JUDGE