# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 7, 2012

## STATE OF TENNESSEE v. CHRISTOPHER BOMAR WENZLER

**Direct Appeal from the Circuit Court for Fayette County**
**No. 6582      Weber McCraw, Judge**

---

**No. W2011-00873-CCA-R3-CD  - Filed March 6, 2013**

---

Defendant, Christopher Bomar Wenzler, was indicted by the Fayette County Grand Jury for driving under the influence of an intoxicant (DUI) in Count 1, and for DUI, third offense, in Count 2. Defendant pled guilty to DUI as charged in Count 1, and waived a jury trial and submitted to a bench trial as to the issues in Count 2. Count 2 alleged two prior DUI convictions: (i) in the Justice Court of DeSoto County, Mississippi on June 7, 2006, and (ii) in the General Sessions Court of Shelby County on February 9, 2006. Defendant argued in the trial court that the Mississippi conviction could not be lawfully used to enhance his current offense to DUI, third offense, but the trial court found Defendant guilty as charged. The trial court merged the conviction in Count 1 with the conviction in Count 2, and sentenced Defendant to serve 11 months and 29 days, with all but 120 days suspended as a third offense DUI offender. Defendant appeals, arguing that he should have been sentenced for DUI, second offense, because the judgment form used to prove Defendant's prior conviction in DeSoto County, Mississippi is silent as to whether he was represented by counsel or waived his right to counsel. After review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

John B. Curtis, Germantown, Tennessee, (on appeal), and David Willis, Memphis, Tennessee (at trial), for the appellant, Christopher Bomar Wenzler.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Matt Hooper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In this appeal Defendant asserts that the DeSoto County, Mississippi conviction could not be used to enhance his punishment to DUI, third offense, on the following grounds:

(1)     The Mississippi judgment is facially invalid because it does not indicate that Defendant was represented by counsel and it is silent as to whether Defendant waived his right to counsel;

(2)     The Mississippi judgment is facially invalid because the State failed to prove that Defendant had counsel in the Mississippi proceedings, or that Defendant had waived counsel in the Mississippi proceedings;

(3)     The Mississippi judgment is facially invalid because the charging instrument failed to state any facts in support of the charges constituting the underlying offense.

(4)     The Mississippi judgment affirmatively establishes that Defendant was neither represented by counsel nor waived his right to counsel because the judge signed the judgment form immediately below the unchecked options, thereby validating that Defendant did not have counsel and Defendant did not waive his right to counsel.

We will first dispense with Defendant's third and fourth grounds for relief, that the Mississippi charging instrument failed to state any facts constituting the criminal offense and that the judgment affirmatively shows that Defendant did not have counsel or waive his right to counsel. These grounds for relief were not raised pre-trial or during the trial court proceedings. Defendant raised these issues for the first time on appeal. Since these issues were raised for the first time on appeal, they are waived. *Black v. Blunt*, 938 S.W.2d 394, 403 (Tenn. 1996).

Regarding the remaining grounds asserted by Defendant, we will address the merits. Defendant only contests the use of the Mississippi conviction to enhance his sentence in the case on appeal to a third offense DUI. Defendant's request for relief in this court is for his sentence for DUI, third offense, be reversed and that he be sentenced for DUI, second offense.

The records from the DeSoto Justice Court in Mississippi reflect that Defendant pled guilty to the offense of DUI, first offense, on June 7, 2006. The offense occurred on January

15, 2006. Defendant was sentenced to two days in jail. The jail sentence was suspended, and Defendant was placed on supervised probation for six months. He was also ordered to attend alcohol safety school, and submit to random drug and alcohol screens. The charging instrument in Defendant's case was a "Uniform Traffic Ticket" specifically designated for DUI Offenses with the pre-printed designation "Driving Under the Influence" in bold print at the top of the ticket. At the bottom of the ticket, below where it is designated that Defendant was found guilty, and directly above where the Judge signed his name, the following pre-printed information is displayed, as set forth below without any blanks filled in:

THE DEFENDANT CHARGED HEREIN:

_____ WAIVED defendant's right to an attorney after having been advised by the trial judge of the defendant's right to an attorney, and, if the defendant could not afford an attorney that one would be appointed free of charge to represent the defendant; or

_____ WAS REPRESENTED (EMPLOYED OR APPOINTED) by an attorney whose name, address and telephone number is

Name: _____ Phone: _____
Address: _____

Defendant did not testify at the hearing and did not submit any direct evidence regarding whether he had counsel or waived counsel in the Mississippi proceedings. Defendant relied solely upon his argument that since the Mississippi judgment did not affirmatively show that he had either been represented by counsel or had waived his right to counsel that it could not be used to enhance his DUI from a second offense to a third offense.

The crux of the first issue in this appeal is whether the Mississippi judgment is facially invalid for DUI enhancement purposes because it is silent as to whether Defendant was either represented by counsel or had waived his right to be represented by counsel. Defendant relies upon several cases which we will now analyze.

In *State v. McClintock*, 732 S.W.2d 268 (Tenn. 1987), our supreme court succinctly set forth the issue in that case as follows:

This case is before the Court to resolve significant questions concerning the proper procedure for determining the validity of a facially

sufficient conviction under T. C. A. § 55-10-401, *et seq.* (DUI), when such a conviction is used to enhance punishment on subsequent DUI convictions. Defendant, Robert McClintock, voluntarily entered a plea of guilty to DUI; his sentence was enhanced by the trial court under T.C.A. § 55-10-403 on the basis of a prior DUI conviction.

*McClintock*, 732 S.W.2d at 268.

In *McClintock*, the judgment of the prior conviction included the Defendant's signed waiver of his right to counsel. *Id.* at 269. Defendant asserted, however, that he had not validly waived his right to counsel. *Id.* The court in *McClintock* concluded that defendant's signed written waiver of his right to counsel made it a facially valid conviction. *See id.* at 273.

As in the case *sub judice*, the defendant in *McClintock* relied upon *Baldasar v. Illinois*, 446 U.S. 222 (1980) in support of his argument that the prior conviction could not be used to enhance his punishment to second offense DUI. The supreme court distinguished *Baldasar* from defendant McClintock's case with the following holding:

> We have considered [*Baldasar*] carefully and find it readily distinguishable. In that case the record affirmatively revealed that the defendant had neither been represented by counsel nor waived his right to counsel. [citation omitted] *Such a conviction is void on its face for the purposes of recidivist provisions upon subsequent convictions.*

*Id.* (emphasis added).

In *Baldasar*, the defendant's applicable "prior conviction" at issue in the case was a conviction for misdemeanor theft for which the defendant was fined $159.00 and sentenced to one year of probation. *Baldasar*, 446 U.S. at 223. Pertinent to the case *sub judice*, the per curium opinion in *Baldasar* noted that in *Scott v. Illinois*, 440 U.S. 367 (1979), "the Court held that an uncounseled misdemeanor conviction is constitutionally valid *if the offender is not incarcerated.*" *Baldasar*, 446 U.S. at 222 (emphasis added). The court in *Baldasar* then immediately stated the issue in that case to be,

> This case [*Baldasar*] presents the question whether *such a conviction* may be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term."

*Id.* (emphasis added)

-4-

Therefore, the *Baldasar* per curium opinion implicitly concludes that a misdemeanor conviction wherein a defendant receives a fine and a sentence of probation is a misdemeanor conviction where the *defendant is not incarcerated*.

In *Nichols v. U.S.*, 511 U.S. 738 (1994), the court adhered to *Scott* and overruled *Baldasar*, holding,

> Accordingly we hold, consistent with the Sixth and Fourteenth Amendments of the Constitution, that an uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction.

*Nichols*, 511 U.S. at 748-49.

However, the court in *Nichols* also recognized in a footnote to the above holding that,

> Of course States may decide based on their own constitutions or public policy, that counsel should be available for all indigent defendants charged with misdemeanors. Indeed, many, if not a majority, of States guarantee the right to counsel whenever imprisonment is authorized by statute, rather than actually imposed.

*Id*. at 749 n. 12.

Tennessee is one such state described in the above quoted footnote from *Nichols*. Tennessee Rule of Criminal Procedure 44(a) explicitly states:

> (a) RIGHT TO ASSIGNED COUNSEL.– Every indigent defendant is entitled to have assigned counsel *in all matters* necessary to the defense and at every stage of the proceedings, unless the defendant waives counsel. (emphasis added).

This provision is applicable to all proceedings in courts of record in Tennessee, in Tennessee General Sessions Courts, and other courts exercising jurisdiction of General Sessions Courts. *See* Tenn. R. Crim. P. 1(a), (b), and (d). Also the right to counsel or to waive counsel for a non-indigent defendant can be no different than the right to have, or waive, counsel for an indigent defendant. *State v. Armes*, 673 S.W.2d 174, 177 (Tenn. Crim. App. 1984) ("Nevertheless, we believe the best procedure would require a written waiver of counsel in all cases where an accused insists on self-representation.")

The State argues in its brief that under *Nichols*, Defendant is not entitled to relief on appeal because he did not have to serve any time by incarceration for the Mississippi DUI conviction. Footnote 12 of *Nichols*, and Tennessee Rules of Criminal Procedure 1 and 44, show that the State's argument is misplaced. Furthermore, it makes no difference that the conviction was in Mississippi rather than Tennessee. An uncounseled misdemeanor conviction in a foreign state should not afford the State a better legal position than an uncounseled misdemeanor conviction in Tennessee. *State v. Whaley*, 982 S.W.2d 346, 348 (Tenn. Crim. App. 1997).

Therefore, we conclude that in Tennessee a prior misdemeanor conviction where the defendant was not imprisoned is subject to the same analysis as a prior misdemeanor conviction where the defendant was imprisoned for purposes of mandatory enhancement of a sentence based upon the prior misdemeanor conviction. The determinative issue to resolve the two grounds for relief raised by Defendant is whether the Mississippi judgment is facially invalid, or if it is facially valid, whether the State still has the burden of proof to show Defendant had counsel or waived counsel in the situation of a "silent" record.

Defendant relies upon *State v. O'Brien*, 666 S.W.2d 484 (Tenn. Crim. App. 1984). In *O'Brien*, where the defendant appealed a DUI, fourth offense conviction, the court reversed and dismissed the conviction for fourth offense DUI but remanded to the trial court for re-sentencing as a DUI first offender. The *O'Brien* court relied upon *Baldasar* and stated "an uncounseled misdemeanor conviction [can] not be used to enhance a subsequent offense into a felony." *O'Brien*, 666 S.W.2d at 485. Notwithstanding the fact *Baldasar* was overruled in *Nichols*, pertinent to Defendant's appeal in the case *sub judice*, the court in *O'Brien* held "[however, the waiver of counsel cannot be presumed from a silent record. *Burnett v. Texas*, 389 U.S. 109 . . . (1967)." We note, again, that *Nichols* overruled the *Baldasar* court's holding that a prior uncounseled misdemeanor conviction, even where no sentence of imprisonment was imposed, could not be used to enhance a second misdemeanor conviction into a felony. *Nichols*, 511 U.S. at 743, 748-49. However, since applicability of this ruling in *Nichols* to state proceedings was limited to cases where a State has *not* decided "that counsel should be available for all indigent defendants charged with misdemeanors," *Nichols*, 511 U.S. at 748, n. 12, and Tennessee does not fall into that category, the "no imprisonment" exception does not apply to State court proceedings in Tennessee. Therefore, an uncounseled DUI conviction, whether or not imprisonment is imposed, cannot be used to enhance a subsequent DUI conviction under established precedent of the United States Supreme Court. We are thus required to address whether a "silent record," without more, prohibits a court from concluding that a defendant waived counsel in the prior proceeding. It is clear that the court in *O'Brien* relied upon *Burgett* in holding that "waiver of counsel cannot be presumed from a silent record." *O'Brien*, 666 S.W.2d at 485. The viability of

continued reliance upon *Burgett*, and thus *O'Brien*, for this proposition is questionable. In *Parke v. Raley*, 506 U.S. 20 (1992) the Supreme Court addressed the following issue:

> The narrow question we face is whether due process permits Kentucky to employ its particular burden-of-proof scheme when allowing recidivism defendants to attack previous convictions as invalid under *Boykin*. In our view, Kentucky's burden-shifting rule easily passes constitutional muster.

*Id*. at 28.

In *Parke*, the criminal defendant in Kentucky had challenged the validity of prior convictions used to sentence him under Kentucky's "Persistent felony offender sentencing" statute. *Id*. at 22. The defendant in *Parke* was charged with robbery and with being "a persistent felony offender." The prior convictions were two convictions for burglary based upon guilty pleas entered in November 1979 and October 1981. The defendant argued that the prior convictions were invalid because there were no transcripts of the guilty plea proceedings to affirmatively show that his guilty pleas were knowing and voluntary. *Id*. at 23. The *Parke* Court upheld the constitutionality of Kentucky's "burden shifting" rule described as follows:

> When a defendant challenges a previous conviction through a suppression motion [specifically allowed by the recidivist statute], the Commonwealth must prove the existence of the judgment on which it intends to rely. Once this is done, a presumption of regularity attaches, and the burden shifts to the defendant to produce evidence that his rights were infringed or some procedural irregularity occurred in the earlier proceeding.

*Id*. at 24.

Thus, even on a silent record, it is not a violation of a constitutional right to presume the regularity and validity of a prior conviction. Important to the case under consideration in the instant appeal, the Court in *Parke* found *Burgett* to be inapplicable.

> *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), does not necessitate a different result. There the Court held that a prior conviction could not be used for sentence enhancement because the record of the earlier proceeding did not show that the defendant had waived his right to counsel. *Id*., at 114-115, 88 S.Ct., at 262. Respondent suggests that because *Burgett* involved a state recidivism proceeding, it stands for the proposition that every previous conviction used to enhance punishment is

-7-

"presumptively void" if waiver of a claimed constitutional right does not appear from the face of the record. Brief for Respondent 14-15. We do not read the decision so broadly. *At the time the prior conviction at issue in Burgett was entered, state criminal defendants' federal constitutional right to counsel had not yet been recognized, and so it was reasonable to presume that the defendant had not waived a right he did not possess.*

*Parke*, 506 U.S. at 31 (emphasis added).

*Parke*, stands not only for the position that waiver can be presumed from a silent record, but also that the State does not have the initial burden to prove complete compliance with the right to counsel if there is a facially valid judgment, even if waiver is presumed. *Id.* at 34.

Our analysis does not end with a possible rejection of the analysis in *O'Brien*, decided in 1984, because of the *Parke* opinion's analysis of *Burgett* in 1992. Almost five years after *Parke* was decided, this court decided the case of *State v. Whaley*, 982 S.W.2d 346 (Tenn. Crim. App. 1997). Without analyzing, or even mentioning *O'Brien*, *Parke*, or *Burgett*, the Court in *Whaley* granted that defendant the very relief sought by Defendant in the case *sub judice*. In *Whaley* the defendant appealed her conviction for second offense DUI. In one of her issues the Defendant challenged the use of her prior DUI conviction in Georgia because it was invalid on its face. This court agreed and reversed the conviction for DUI, second offense, but remanded to the trial court for resentencing for a conviction of DUI, first offense. This court held that the Georgia judgment, which lacked both a judge's signature *and* "did not indicate the appellant was represented by counsel or waived her right to counsel," *Whaley*, 982 S.W.2d at 348, n. 3, i.e., a "silent record," was a facially invalid judgment. *Id.* at 348. Relying upon *McClintock* the court in *Whaley* held,

In the *McClintock* case, the Tennessee Supreme Court announced that a facially invalid judgment could not be used to enhance punishment in a subsequent prosecution.

*Whaley*, 982 S.W.2d at 348.

Without overruling or citing *Whaley*, the Supreme Court of Tennessee in *Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004) clearly and unequivocally held in a habeas corpus case that,

The judgment's *silence* as to whether the petitioner was represented by counsel or waived the right to counsel does not defeat the presumption of regularity and render the judgment void.

*Hickman*, 153 S.W.3d at 25.

The court in *Hickman* distinguished *Baldasar* and *Burgett* and held that its prior decisions in *McClintock* and *State v. Ritchie*, 20 S.W.3d 624 (Tenn. 2000),

stand for the proposition that a judgment is entitled to a presumption of regularity and is not void unless a defect appears on the face of the judgment.

*Id.* at 25.

The court in *Hickman* pointed out that in *McClintock*, it had

noted that, a conviction should be considered void on its face *when "the record affirmatively reveal[s]* that the defendant had neither been represented by counsel nor waived his right to counsel . . . ." [citations omitted]

*Hickman*, 153 S.W.3d at 25.

Describing the holding in *Ritchie*, the court in *Hickman* stated,

Similarly, in *Ritchie*, this Court denied habeas corpus relief and held that a conviction is void on its face only when the face of the judgment or the record of the proceedings "clearly and indisputably" reflects that the court of conviction lacked territorial jurisdiction.

*Id.* at 25.

In *Hickman*, the petitioner argued that a criminal judgment is facially void *unless* it *affirmatively* recites that the defendant was either represented by counsel or had waived the right to counsel. *Id.* The court stated that *McClintock* and *Ritchie* did not support that argument. Applying the facts of the case to the applicable law, the court in *Hickman* concluded,

Returning to the record in this case, we conclude that the judgment is not void on its face and is instead entitled to the presumption of

regularity. The judgment contains a blank line where defense counsel is ordinarily listed, and the pre-printed "Waiver of Attorney" was not signed by the defendant. This judgment does not clearly reflect that the defendant was denied the right to counsel. The judgment is merely silent. Additional information outside the judgment would be needed to establish that Hickman in fact was not represented by counsel. As we previously stated, where additional proof is needed, the judgment is at most voidable, rather than void, and a post-conviction petition is the proper method for attacking a voidable judgment.

Id. at 27

Defendant argues in the case *sub judice* that the holding in *Hickman* should be limited to only habeas corpus proceedings, and not be applicable to proceedings, such as his, involving the use of a prior DUI conviction to enhance punishment for a later DUI conviction. In *Hickman* our supreme court clearly rejected the proposition that "the waiver of counsel cannot be presumed from a silent record," *O'Brien*, 666 S.W.2d at 485, and as a result, such a judgment is thus facially invalid. *Id*. Cases with inconsistent holdings, such as *O'Brien* and *Whaley*, were implicitly overruled to the extent they contradict the court's holding in *Hickman*. We can find no reasonable basis to conclude that a criminal judgment may be facially valid for a habeas corpus proceeding but the same judgment would be facially invalid for a DUI proceeding.

In summary, we reject the State's argument that since the Mississippi judgment did not require actual incarceration, rather than just a suspended jail sentence and probation, that the rule in *McClintock* would not apply. However, under the definition of a "facially invalid" or "facially void" judgment set forth in *Hickman*, we conclude that *O'Brien*, *Whaley*, and their progeny no longer offer relief to Defendant. Furthermore, the applicable case law does not require the State to affirmatively prove that Defendant had counsel or waived counsel in Defendant's case. Accordingly, Defendant is not entitled to relief in this appeal.

**CONCLUSION**

The judgment of the trial court is affirmed.

---

THOMAS T. WOODALL, JUDGE

-10-