IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 13, 2024 Session

## STATE OF TENNESSEE v. ROBERT C. CLANTON

**Appeal from the Circuit Court for Bedford County
No. 18063     Forest A. Durard, Jr., Judge**

_____

**No. M2023-01301-CCA-R3-CD**

_____

The defendant appeals from the Bedford County Circuit Court's partial denial of his motion seeking resentencing pursuant to Tennessee Code Annotated section 39-17-432(h). Upon our review of the oral arguments, applicable law, and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JILL BARTEE AYERS, and KYLE A. HIXSON, JJ., joined.

Drew Justice, Murfreesboro, Tennessee, for the appellant, Robert C. Clanton.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Robert J. Carter, District Attorney General; and Michael Randles and Robert Carter, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

The defendant was convicted in 2015 of sale and delivery of less than .5 grams of a Schedule II controlled substance, Class C felonies (counts two and three); sale and delivery of more than .5 grams of a Schedule II controlled substance, Class B felonies (counts four and five); possession of more than .5 grams of a Schedule II controlled substance with the intent to sell and deliver, Class B felonies (counts six and seven); possession of more than .5 grams of a Schedule II controlled substance with the intent to sell and deliver in a school zone, Class A felonies (counts nine and ten); and two counts of possession of drug

paraphernalia, Class A misdemeanors (counts eight and eleven). The trial court sentenced the defendant as a Range I offender to five years for merged counts two and three, eleven years for merged counts four and five, twelve years for merged counts six and seven, eleven months and twenty-nine days for counts eight and eleven, and twenty-three years and six months for merged counts nine and ten. The trial court ordered the sentences to be served concurrently, for an effective sentence of twenty-three years and six months. A panel of this Court affirmed the defendant's convictions on direct appeal, and our supreme court declined to review that decision. *State v. Clanton*, No. M2015-02438-CCA-R3-CD, 2016 WL 5266548, at *1 (Tenn. Crim. App. Sept. 21, 2016), *perm. app. denied* (Dec. 15, 2016). In 2017, the defendant sought post-conviction relief, contending his trial counsel was ineffective. The post-conviction court denied relief, and this Court affirmed. *Clanton v. State*, No. M2017-00977-CCA-R3-PC, 2018 WL 1377286, at *1 (Tenn. Crim. App. Mar. 19, 2018), *perm. app. denied* (July 24, 2018).

On June 2, 2022, the defendant filed a "Motion for Relief Pursuant to Public Chapter 927" seeking resentencing pursuant to the recent amendment to the Drug-Free School Zone Act ("the Act"). Tenn. Code Ann. § 39-17-432(h) (2022). A hearing was held on February 23, 2023, in the Circuit Court for Bedford County.

At the hearing, Cory Tippens, a volunteer chaplain at Morgan County Correctional Complex ("MCCX"), testified that he provided classes for inmates that focused on family, job resources, and religion. In addition, Mr. Tippens assisted inmates in securing jobs and housing upon their release. The defendant began attending Mr. Tippens' weekly church services approximately eighteen months prior to the hearing, and although Mr. Tippens knew of the defendant's criminal history, he believed the defendant "will succeed" if released.

Jenny Tippens, a volunteer chaplain at MCCX, testified that the defendant attended her weekly church service as well as her vocational rehabilitation classes. During the classes, Ms. Tippens spoke with the defendant about potential triggers that may cause him to relapse upon his release. Ms. Tippens stated that the defendant disclosed his past convictions to her and "knowing who [the defendant] is today and seeing [his] history, it's – to me it's kind of hard to believe that that's who he is."

Lisa Cole, a pastor at Faith Promise in Knoxville and a volunteer chaplain at MCCX, met the defendant in 2021. Ms. Cole testified that, when the defendant walked into her class, "he had such a light and a joy about him." In addition to attending weekly classes, the defendant assisted Ms. Cole with setting up the classroom and taking out the trash. Ms. Cole stated that she had seen an amazing transformation in the defendant and had "never seen [the defendant] react negatively." Because the defendant is a father, he attended

- 2 -

several parenting classes and arranged for his children to visit him during special family events at the prison.

The defendant testified that he became addicted to Lortab after sustaining an elbow injury. After his mother committed suicide, the defendant "started taking more pills, and [he] started drinking and as a result of that [he] ended up trying methamphetamine for the first time." He stated that he never sold drugs to children or possessed methamphetamine on the grounds of a school, and at the time that he was arrested for possessing drugs within a school zone, school was not in session. The defendant acknowledged that he had three prior misdemeanor convictions as well as disciplinary write-ups while incarcerated for violations such as a property violation in 2016, a positive drug screen in 2017, contraband and failure to report as scheduled in 2018, and defiance and refusing a drug screen in 2019. However, the defendant testified that he looked in the mirror one day, and "it was like the Lord was asking me, you know, if you got out of prison today, would your kids be proud of you?" Following this revelation, the defendant attended church services, sang in the choir, and earned multiple certificates for life skills and parenting. If he was released, the defendant stated that he would reside in a halfway house where he would have access to programs to aid in his continued recovery.

Shane George, the director of the 17th Judicial District Drug Task Force, testified that he was involved in the investigation of the defendant in 2014. Director George testified that, on September 2, 2014, the defendant contacted a confidential informant who had purchased drugs from the defendant on multiple occasions and stated that he was looking for a gun. The confidential informant told the defendant that someone at the mobile home park where the confidential informant lived would exchange a gun for methamphetamine. Later, when the defendant was found in possession of methamphetamine at the mobile home park, he was less than 300 feet from the boundary line of Learning Way Elementary School.

At the conclusion of the proof, the trial court granted the defendant's motion in part, reducing the defendant's release eligibility from 100% to 30%. In denying the defendant's request to remove the enhanced classification, the trial court found

> [w]hile the act, in the opinion of the court leaves some things to be desired, could have been better written or provided more guidance, it does not mean it is unconstitutional. Discretionary decisions are made by the courts every day. . . .
>
> [The defendant] had met his burden on the interest of justice criteria and has demonstrated by those criteria he is a suitable candidate for resentencing. The jury has specifically found [the defendant] committed his

deeds in a drug free school zone. The evidence has demonstrated no evidence whatsoever of any vulnerable persons being exposed. [The defendant] is a suitable candidate for resentencing and the [c]ourt will relieve him of the burden of serving 100% of his minimum sentence within his range and resentence him to serve 30% of that same sentence found in Count Nine. The length of sentence shall remain intact at 23.5 years with no removal of the enhanced classification. [The defendant] will receive any credits, as calculated by TDOC, to which he is entitled as though the sentence had originally been at 30%. No sentencing hearing will be conducted. The [c]ourt heard the proof at the original sentencing and the proof at the resentencing petition.

*Analysis*

On appeal, the defendant argues that the Act is unconstitutionally vague for failing to provide the trial court with criteria for upgrading the classification level and that it violates his right to a jury trial by allowing the trial court alone to find whether the defendant's classification level should be upgraded. The State contends the statute is not unconstitutional, and the trial court's sentencing should be affirmed. We agree with the State.

"Due process requires that a statute provide 'fair warning' and prohibits holding an individual criminally liable for conduct that a person of common intelligence would not have reasonably understood to be proscribed." *State v. Burkhart*, 58 S.W.3d 694, 697 (Tenn. 2001) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). "A statute is void for vagueness if it is so vague, indefinite, and uncertain that persons must speculate as to its meaning, and if it fails to give a person of ordinary intelligence fair notice that his or her conduct is forbidden by the statute." *State v. Whaley*, 982 S.W.2d 346, 348 (Tenn. Crim. App. 1997). "The vagueness doctrine does not invalidate every statute which a reviewing court believes could have been drafted with greater precision." *State v. Lyons*, 802 S.W.2d 590, 592 (Tenn. 1990). This Court has a duty to "adopt a construction which will sustain a statute and avoid constitutional conflict if its recitation permits such a construction." *Id.* We review issues of statutory construction de novo with no presumption of correctness. *State v. Howard*, 504 S.W.3d 260, 267 (Tenn. 2016) (citing *State v. Dycus*, 456 S.W.3d 918, 924 (Tenn. 2015)).

As pertinent to the case at bar, in 2020 the Act was amended to reduce the drug-free zone radius from 1,000 feet to 500 feet. Tenn. Code Ann. § 39-17-432(b)(1)(B) (2020). Additionally, the previous requirement that a defendant be punished one classification higher became discretionary, providing in pertinent part at subsection (b)(1) as follows:

- 4 -

(b)(1)  A violation of § 39-17-417, or a conspiracy to violate the section, *may be punished one (1) classification higher than is provided in § 39-17-417(b)-(i)* if the violation or the conspiracy to violate the section occurs:

(A)     On the grounds or facilities of any school; or

(B)     Within five hundred feet (500') of or within the area bounded by a divided federal highway, whichever is less, the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, public library, recreational center, or park.

Tenn. Code Ann. § 39-17-432(b)(1) (2020) (emphasis added).

The Act "does not create a separate criminal offense but 'merely imposes a harsher penalty for violations of Tenn[essee] Code Ann[otated section] 39-17-417 occurring within a [drug-free] zone.'" *State v. Marks*, No. M2018-00020-CCA-R3-CD, 2018 WL 6992553, at *5 (Tenn. Crim. App. Nov. 13, 2018) (quoting *State v. Smith*, 48 S.W.3d 159, 168 (Tenn. Crim. App. 2000)), *perm. app. denied* (Mar. 28, 2019); *see* Tenn. Code Ann. § 39-17-432(b).  "Therefore, 'proof that the drug crime was committed in a [drug-free] zone is not an essential element of the 39-17-417 offense.'" *Id.* (quoting *State v. Jaimes-Garcia*, No. M2009-00891-CCA-R3-CD, 2010 WL 5343286, at *18 (Tenn. Crim. App. Dec. 22, 2010), *perm. app. denied* (Tenn. May 31, 2011)).  Rather, "the enhanced penalty [for violations of a 39-17-417 offense] is triggered if the jury determines beyond a reasonable doubt that [the violation] occurred in a drug[-]free zone." *Id.*

Turning to the defendant's claim, we recognize that this Court previously held that prior versions of the Act were not overbroad or vague. *See State v. Wiggins*, No. W2007-01734-CCA-R3-CD, 2009 WL 1362323, at *5 (Tenn. Crim. App. May 15, 2009), *perm. app. denied* (Tenn. Dec. 21. 2009); *Smith*, 48 S.W.3d at 164-68.  However, we have not considered a constitutional challenge to the Act since the 2020 amendment.  Unlike prior versions of the Act, which required the trial court to enhance a defendant's classification when certain requirements were met, the current version provides that a defendant "*may be punished one (1) classification higher than is provided in section 39-17-417(b)-(i)*" *if* the violation occurs "[o]n the grounds or facilities of any school" or "within five hundred feet (500') of . . . a public or private elementary school, middle school, secondary school, preschool, child care agency, public library, recreational center, or park." Tenn. Code Ann. § 39-17-432(b)(1) (2022) (emphasis added).  Although the defendant contends the statute "gives no criteria at all for when to apply the upgrade" which allows a trial court to enhance a defendant's classification "simply on a whim," it is clear the Act only provides a trial court the discretion to enhance a defendant's classification when one of two criteria are met – the offense occurred on the grounds of a school or within five hundred feet of a

- 5 -

school, child care agency, public library, or park. If one of these criteria is not met, the trial court must sentence the offense at the classification provided in Tennessee Code Annotated section 39-17-417(b)-(i). Because there are specific criteria that a trial court must find before enhancing a defendant's classification, we conclude the Act is sufficiently clear to put an ordinary person of common intelligence on notice that their classification may be increased if they violate or conspire to violate 39-17-417 "on the grounds or facilities of any school" or "within five hundred feet (500') of or within the area bounded by a divided federal highway, whichever is less, the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, public library, recreational center, or park." *See* Tenn. Code Ann. § 39-17-432(b)(1); *Whaley*, 982 S.W.2d at 348. Because the drug-free school zone statute is not unconstitutionally vague, the defendant is not entitled to relief on this issue.

Citing *Blakely v. Washington*, 542 U.S. 296 (2004), the defendant also argues the Act is unconstitutional as applied to him because it violates his Sixth Amendment right to a jury trial. Specifically, he contends that the "only element found by the jury was the bare fact that [the defendant] possessed drugs near a school boundary – in other words, the crime itself" and that the trial court "can now upgrade the class by himself" using unspecified criteria not found by the jury. Although the defendant contends the jury merely found the defendant guilty of "the crime itself," possessing drugs near a drug-free zone, this Court previously held that the Act did not create a separate offense but "merely imposes a harsher penalty for violations of [] 39-17-417 occurring within a [drug-free] zone." *Marks*, 2018 WL 6992553, at *5; *Smith*, 48 S.W.3d at 168. Therefore, while proof that the crime was committed in a drug-free zone is not an essential element of 39-17-417, this Court has repeatedly held that "[t]he fact that the drug offense occurred within the drug[-]free zone must be proven beyond a reasonable doubt to the jury" before the defendant's conviction can be enhanced pursuant to 39-17-432. *State v. Moore*, No. M2020-00704-CCA-R3-CD, 2021 WL 4144056, at *8 (Tenn. Crim. App. Sept. 13, 2021), *perm. app. denied* (Tenn. Jan.14, 2022); *see also State v. Jordan*, No. E2018-00471-CCA-R3-CD, 2020 WL 360518, at *7 (Tenn. Crim. App. Jan. 21, 2020), *perm. app. denied* (Tenn. June 3, 2020). Here, because the trial court only enhanced the defendant's classification after the jury made a specific finding that the defendant possessed methamphetamine with intent to sell or deliver within a drug-free zone, specifically a public or private school, the defendant's Sixth Amendment right to a jury trial was not violated, and he is not entitled to relief on this issue.

### *Conclusion*

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
J. ROSS DYER, JUDGE