**STATE of Tennessee, Appellee,**

v.

**Patrick A. O'BRIEN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 25, 1984.

J. Travis Price, Springfield, for appellant.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Lawrence Ray Whitley, Dist. Atty. Gen., Dee Gay, Asst. Dist. Atty. Gen., Springfield, for appellee.

## OPINION

SCOTT, Judge.

At his bench trial, the appellant was convicted of driving while intoxicated. It was stipulated that the appellant had three prior convictions for that offense. The trial judge found the appellant guilty of driving under the influence of an intoxicant, fourth offense, and sentenced the appellant to serve eleven months and twenty-nine days in the Robertson County Jail and to pay a fine of $1,000.00. All but one hundred twenty days of the jail sentence was suspended upon payment of the fine and costs.

On appeal the appellant does not question the sufficiency of the evidence that he was driving under the influence of an intoxicant. He contends only that the trial judge erred by refusing to grant his motion to dismiss the enhancement count of the indictment because the state failed to prove that he had counsel or waived his right to counsel at the time of his three prior convictions. The record revealed that the appellant was convicted of driving under the influence of an intoxicant in the General Sessions Court of Davidson County on June 1, 1976, March 21, 1980, and August 29, 1980. No other details of the convictions were introduced. Relying upon *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), the appellant argues that the penalty cannot be enhanced without an affirmative showing that the defendant was either represented by counsel or waived his right to counsel at the time of the earlier convictions. In its brief the state essentially agrees with the appellant and submits the question for review without recommendation.

In *Baldasar*, the Supreme Court held that an uncounseled misdemeanor conviction could not be used to enhance a subsequent misdemeanor conviction by converting the subsequent offense into a felony. 100 S.Ct. at 1587. In *Baldasar*, the record affirmatively showed that the defendant was not represented by counsel at the time of the prior misdemeanor conviction. 100 S.Ct. at 1586. In this case the record is silent as to whether the appellant was represented. However, the waiver of counsel cannot be presumed from a silent record. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967).

In *State v. Ulibarri*, 96 N.M. 511, 632 P.2d 746, 747–748 (1981), the Court held:

We read *Baldasar* to mean that even if the enhanced offense is a misdemeanor with a light penalty, an accused may not be sentenced to serve a term of imprisonment unless he was afforded the benefit of assistance of counsel in the prior as well as the predicate offense. All instances where an enhancement follows a prior offense in which the defendant did not have the assistance of counsel in his defense are controlled by *Baldasar*. The fact of the prison term and not the gravity of the offense is the controlling criterion.

We agree with the reasoning of the New Mexico court and adopt it as our own. The judgment finding the defendant guilty of DUI, fourth offense, is reversed and dismissed. The finding of guilty of DUI in the first count of the indictment is not in issue and is not affected by this opinion. The cause is remanded to the trial court for resentencing of the appellant for the offense of DUI as a first offender under the first count of the indictment.

O'BRIEN and DUNCAN, JJ., concur.