IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 2000 Session

## STATE OF TENNESSEE v. DANIEL PATRICK BYRD

**Appeal from the Criminal Court for Anderson County**
**No. 98CR0052     James B. Scott, Judge**

**No. E1999-01483-CCA-R3-CD**
**October 3, 2000**

The defendant was convicted of driving under the influence, second offense, and received a sentence of eleven months and twenty-nine days. The defendant was ordered to serve forty-five days in continuous confinement and five days on the weekends, with the remainder of his sentence to be served on probation. In this appeal as of right, the defendant makes the following allegations of error: (1) the trial court used an invalid judgment to elevate his DUI charge to a DUI second; (2) the trial court's initial denial of an appeal bond violated the Double Jeopardy Clause of the United States and Tennessee Constitutions; and (3) the trial court incorrectly concluded it was not authorized to grant work release or periodic confinement during the defendant's mandatory minimum period of incarceration for DUI. After a thorough review of the record, we conclude the trial court did not commit the above errors and affirm the defendant's conviction and sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

J. Thomas Marshall, Jr., District Public Defender; and Nancy Meyer, Assistant District Public Defender, Clinton, Tennessee, for the appellant, Daniel Patrick Byrd.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### BACKGROUND

The defendant was charged with driving under the influence (DUI), second offense. At trial, a prior judgment of conviction against the defendant for DUI was admitted to elevate the defendant's current charge to a DUI, second offense. The defendant was convicted of DUI, second offense and

received a sentence of eleven months and twenty-nine days. The defendant was ordered to serve forty-five days in continuous confinement and five days on weekends, with the remainder of his sentence to be served on probation. After the jury conviction for DUI, the trial court refused to allow the defendant to remain on his existing bond and set a hearing for three days later to set bond. Therefore, the defendant was taken into custody. Three days later the trial court set bond at $3,000, and the defendant's mother agreed to act as surety.

## VALIDITY OF PRIOR JUDGMENT

The defendant argues the trial court improperly admitted a prior general sessions court judgment indicating he had a previous DUI conviction. The defendant argues the judgment was facially invalid because it did not show that he was represented by counsel or that his right to counsel had been waived. He acknowledges that there is a signed waiver form stapled to the judgment. However, he argues that extraneous documentation is not satisfactory, but rather the waiver must be evident on the face of the judgment. Thus, he argues the judgment should not have been used to elevate his current charge to a DUI, second offense.

A previous DUI conviction cannot be used to enhance the punishment for a subsequent DUI conviction, unless the record of the first conviction affirmatively demonstrates that the defendant was either represented by counsel or waived his right to counsel. State v. O'Brien, 666 S.W.2d 484, 485 (Tenn. Crim. App. 1984); State v. James Todd Atkinson, No. 01C01-9712-CC-00558, 1999 WL 97916 (Tenn. Crim. App., Nashville, Feb. 18, 1999). Presuming waiver of counsel from a silent record is impermissible. O'Brien, 666 S.W.2d at 485 (citing Burgett v. Texas, 389 U.S. 109, 88 S. Ct. 258, 262, 19 L. Ed. 2d 319 (1967)). However, the record in this case includes a signed waiver attached to the judgment. Although it may be a better practice for general sessions courts to also secure the defendant's signature on the judgment sheet, we consider the attachment sufficient. The judgment with the attachment is not facially invalid or void. Thus, the trial court did not err in allowing the State to use the prior conviction.

## DENIAL OF APPEAL BOND

The defendant argues that the trial court's revocation of bond after the jury verdict and refusal to set bond for three days resulted in a violation of the Double Jeopardy Clause of the United States and Tennessee Constitutions. Thus, he argues the three days he spent in incarceration amounts to additional punishment and bars further punishment for the same conviction.

The trial judge, upon receiving the jury verdict, "revoked" bond and stated "[the defendant] will be in the custody of the sheriff." Upon being requested to set bond as a matter of right, the trial judge stated, " I am not refusing to set bond, I am not going to set one at this time." The trial judge subsequently explained that, pursuant to Tennessee Code Annotated § 40-11-130, he was required "to revoke a bond unless there is proof that the person can be on the bond that was made for his appearance . . . [T]he defendant must make a new bond for appeal to the Court of Criminal Appeals unless the judge specifically finds the bond to be sufficient." The trial judge also stated that it could

not force the current bonding company to remain on the bond. The court stated, "I don't think I can say to them: if they made a contract with this young man, it is to follow all the way through the system." The trial judge agreed to set bond three days later, which he did. The defendant was incarcerated during this three-day period.

## A. Right to Bond

We respectfully disagree with the trial court's interpretation of Tennessee Code Annotated § 40-11-130. Tennessee Code Annotated § 40-11-130(a) provides as follows:

> Where the defendant in a criminal case executes a bond or recognizance before any court or other person authorized by law to take the same for the defendant's personal appearance before a court to answer a criminal charge, such bond or recognizance shall be valid and binding upon the defendant and the defendant's sureties thereon until the time allowed by law for the defendant to appeal a finding of guilt to the court of criminal appeals. If the defendant timely appeals, the defendant shall be required to make a new bond to the court of criminal appeals unless the trial judge, after examination of the original bond, shall set out in a written order that such original bond is sufficient. The court shall use its discretion in determining whether the bond at issue should be changed. No presumption is otherwise intended to be raised in this section. If the time for appealing to the court of criminal appeals expires and the defendant has not filed an appeal, the bondsman may be required to surrender the defendant to the court for service of sentence.

Thus, an appearance bond is binding upon the bondsman until the time allowed for the defendant to appeal the finding of guilt. Id. A new bond "shall be required" if the defendant appeals unless the trial judge determines the original bond is insufficient. Id.

The trial court was not required to revoke bond. We do note, however, that the trial court retains authority to increase or decrease bond pursuant to Tennessee Code Annotated §§ 40-11-113(a)(3) and 143, and sureties have the authority to surrender a defendant and be released on the bond, provided statutory procedures are followed. See Tenn. Code Ann. §§ 40-11-130(c) and 137.

Furthermore, in all misdemeanor cases a defendant is entitled to a bail setting as of right pending appeal. Tenn. Code Ann. § 40-26-104; Tenn. R. Crim. P. 32(d). An automatic revocation based upon a misdemeanor conviction or a refusal to set bond is in contravention of these directives.

## B. Double Jeopardy

Having determined the trial court erred in refusing to set bond for three days after the conviction, we must determine whether double jeopardy prohibits any further sentence.

Double jeopardy refers to those risks "traditionally associated with actions intended to authorize criminal punishment to vindicate public justice." Breed v. Jones, 421 U.S. 521, 529, 95 S.Ct. 1778, 1786, 44 L. Ed. 2d 346 (1975). Thus, the inquiry is whether the challenged action was "punitive" as opposed to "remedial." State v. Pennington, 952 S.W.2d 420, 422-23 (Tenn. 1997); State v. Coolidge, 915 S.W.2d 820, 823 (Tenn. Crim. App. 1995). Bail revocation is not essentially criminal, but is a "regulatory function rather than a criminal one." Pennington, 952 S.W.2d at 422 (quoting United States v. Grisanti, 4 F.3d 173, 175 (2nd Cir. 1993)).

Even though the trial court erred in revoking bond and refusing to set bond for three days following the verdict, double jeopardy was not implicated. Though perhaps difficult due to the time element, the defendant's remedy was to seek immediate relief in this court. See Tenn. Code Ann. § 40-11-144(a); Tenn. R. App. P. 8(a). There is no double jeopardy violation.

## SENTENCING

The defendant contends he is eligible for work release as a DUI second offender pursuant to Tennessee Code Annotated §§ 41-2-128(c) (Supp. 1995), 41-2-129(d) and 41-2-134. This court has recently concluded that: (1) a DUI second offense defendant sentenced to the county "jail," as opposed to the county "workhouse," by the "criminal court" judge, as opposed to the "general sessions" judge, is ineligible for work release during the minimum period of incarceration under Tennessee Code Annotated § 41-2-128, particularly where the record reveals no "application" by the sheriff for work release for the defendant; and (2) no other statutory provisions provide eligibility for work release for DUI second offenders during the minimum mandatory period of incarceration. State v. Kevin Dewayne Steen, No. E1999-02669-CCA-R3-CD (Tenn. Crim. App., Knoxville, Sept. 1, 2000). We see no reason to deviate from these holdings.

The defendant further contends the trial court erred in refusing to consider periodic confinement during the mandatory minimum period of incarceration. We have previously concluded that the mandatory minimum period of incarceration for DUI must be served without interruption by periodic confinement. State v. Gurley, 691 S.W.2d 562, 563 (Tenn. Crim .App. 1984); State v. Kevin Dewayne Steen, supra, slip op. at 2. We, again, see no reason to deviate from these holdings.

## CONCLUSION

We conclude the trial court properly allowed the state to use the defendant's previous judgment of conviction for DUI to elevate his current charge to a DUI, second offense; the defendant did not suffer a double jeopardy violation due to his three-day post-conviction incarceration; and

neither work release nor periodic confinement was available to this defendant during the minimum mandatory period of incarceration.  Therefore, the judgment of the trial court is affirmed.


_____

ALAN E. GLENN, JUDGE