IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2006

**STATE OF TENNESSEE v. JAMES B. SANDERS**

**Direct Appeal from the Circuit Court for Maury County**
**No. 14074     Robert L. Jones, Judge**

---

**No. M2005-00088-CCA-R3-CD - Filed June 21, 2006**

---

The defendant, James B. Sanders, appeals from his conviction for third offense of driving under the influence of an intoxicant (D.U.I.) and from the resulting sentence. On appeal, the defendant claims that a prior facially valid judgment of conviction for a previous D.U.I. was insufficient to sustain enhanced punishment when the written waiver of counsel was not introduced and the defendant testified that he was not represented by counsel. We conclude the prior certified judgment of conviction is facially valid and is not subject to collateral attack in this proceeding. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Larry Samuel Patterson, Jr., Columbia, Tennessee, for the appellant, James B. Sanders.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; and T. Michel Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

After being found guilty by a jury of D.U.I., the defendant waived his right to a jury for the second phase of the trial.[1] The trial court found the defendant guilty of driving under the influence,

---

[1]The defendant was charged with driving under the influence, third offense; driving on a revoked license; and violation of the implied consent law. Prior to trial, he pled guilty to driving on a revoked license. The jury then convicted him of driving under the influence and violation of the implied consent law. At a bifurcated hearing, he waived his right to have the jury determine whether the underlying offense was a second or third offense and submitted the matter

(continued...)

third offense, based upon two prior certified judgments of conviction. The defendant contends that the Rutherford County conviction was insufficient to sustain a conviction for third offense D.U.I. when the written waiver of counsel was not introduced at trial, and the defendant testified that he had not been represented by counsel. We conclude that the certified judgment of conviction from Rutherford County was facially valid, not subject to collateral attack, and was sufficient evidence to be considered by the trial court. We affirm the judgment from the trial court.

Analysis

On appeal, the defendant does not question the sufficiency of the evidence that he was driving under the influence of an intoxicant. He contends only that the trial judge erred by enhancing his current conviction to driving under the influence of an intoxicant, third offense. He contends that one of his prior driving under the influence convictions, the Rutherford County conviction from 2000, is facially invalid because he did not have counsel at the time he entered that plea. The defendant relies on this court's opinion in State v. O'Brien to argue that his Rutherford County conviction may not be used to enhance his current charge of driving under the influence because he did not have counsel during that plea. State v. O'Brien, 666 S.W.2d 484, 485 (Tenn. Crim. App. 1984). We conclude this issue is without merit.

In O'Brien, this court adopted the reasoning of a New Mexico court in State v. Ulibarri, 632 P.2d 746 (N.M. Ct. App. 1981), in concluding that a defendant's sentence may not be enhanced to serve a term of imprisonment unless he was afforded the benefit of assistance of counsel in the prior, as well as the predicate, offense. O'Brien at 485. The record in O'Brien was silent as to whether the defendant had counsel during his prior convictions. Here, the Rutherford County conviction is not silent; the judgment clearly and expressly states that the defendant waived his right to counsel during the entry of that plea. Because the judgment reflects that the defendant waived his right to counsel, his argument is without merit.

In Nichols v. United States, the Supreme Court reaffirmed that an uncounseled misdemeanor conviction cannot be used to enhance punishment for a subsequent conviction unless, under Scott v. Illinois, 440 U.S. 367, 99 S. Ct. 1158 (1979), no prison term was imposed for the uncounseled conviction or the defendant waived his right to counsel. Nichols, 511 U.S. 738, 748-49, 114 S. Ct. 1921 (1994). The defendant cannot now assert that he was uncounseled in order to receive a lesser sentence because the record clearly reflects that the defendant waived his right to counsel on the judgment form from Rutherford County. Further, because the Rutherford County judgment is facially valid, it cannot be collaterally attacked in this proceeding. In State v. McClintock, the Tennessee Supreme Court concluded that a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the

[1](...continued)
to the trial court. The trial court then examined his prior convictions for D.U.I. and found the defendant guilty of D.U.I., third offense. The defendant only appeals from the bifurcated hearing and not the guilty verdict for driving under the influence or violation of the implied consent law.

challenged conviction is used to enhance punishment unless it is invalid on its face. 732 S.W.2d 268, 272 (Tenn. 1987). The proper procedure for the defendant to collaterally attack the Rutherford County judgment would be through a separate action in the Rutherford County trial court under the Post-Conviction Procedure Act. However, because the statute of limitations has long since run to contest the plea under the Post-Conviction Act, the defendant cannot obtain relief from that judgment. We affirm the conviction of driving under the influence, third offense.

### Conclusion

Based on the foregoing and the record as a whole, we affirm the conviction of driving under the influence, third offense.

_____
JOHN EVERETT WILLIAMS, JUDGE