IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 12, 2015

**STATE OF TENNESSEE v. CARL CHRISTOPHER DOTSON**

**Appeal from the Circuit Court for Williamson County**
**No. I-CR016125     Michael W. Binkley, Judge**

---

**No. M2015-00010-CCA-R3-CD – Filed October 19, 2015**

---

Following a bench trial, the Defendant-Appellant, Carl C. Dotson, was convicted of driving on a revoked license, eighth offense, and driving under the influence (DUI), third offense, in violation of Tennessee Code Annotated sections 55-50-504 and 55-10-401, respectively. For these offenses, the trial court imposed concurrent sentences of eleven months and twenty-nine days, to be served consecutively to an unrelated matter. In this appeal as of right, the Defendant-Appellant argues that the trial court erred by using a prior 1998 DUI conviction to enhance the instant DUI to a third offense and that the evidence was insufficient to support his DUI conviction. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Dana M. Ausbrooks, Franklin, Tennessee, for the Defendant-Appellant, Carl Christopher Dotson.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Saffeeullah, Assistant Attorney General; Kim R. Helper, District Attorney General; and Nichole Dusche, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Around midnight on December 9, 2011, the night of the Defendant-Appellant's arrest, Jamie Nivens, a Franklin resident, stopped at the Mapco gas station located at 240 Franklin Road to use the bathroom and get something to drink.[1] She testified at trial that

---

[1]Because the Defendant-Appellant's sole challenge to the sufficiency of the evidence pertains to the DUI conviction, we will limit our summary of the proof at trial to those facts relevant to the DUI.

while she was inside the store another group of people arrived in a green Mustang and entered the store. She observed an individual in the group, later identified as the Defendant-Appellant, being "really loud and obnoxious and . . . smelled of alcohol and . . . was like stumbling." She opined that he was "like really drunk" and called the police as she saw him get in the driver's seat of the green Mustang. She provided the police with a description of the car. She did not know the Defendant-Appellant personally and had only met him once prior to trial.

John Angus, a patrol officer with the Franklin Police Department, arrived at the Mapco within "less than a minute" after receiving the "subject check call" from the dispatchers. As he pulled into the parking lot, he observed a green Mustang, as described, at the Mapco gas pumps. Although he acknowledged that he had not observed any driving infractions, he initiated a traffic stop in the Mapco parking lot based on the subject check call. He activated his in-car video system, which recorded the entire stop just prior to his arrival. The video was admitted as an exhibit during trial. Officer Angus approached the car, explained the purpose of the stop, and requested the Defendant-Appellant's driver's license. The Defendant-Appellant replied that his license was suspended. While he was speaking with the Defendant-Appellant, the officer smelled alcohol emitting from the car window. He also saw empty beer cans in the backseat and two opened containers in the center console. The Defendant-Appellant admitted that one of the containers in the console was his, stating that he "just opened a drink." The officer further observed that he had an odor of alcohol, slurred speech, and bloodshot, watery eyes.

Officer Angus had performed over one hundred field sobriety tests, had received ongoing training in drug and DUI enforcement, and was proficient in administering standardized field sobriety testing. He asked the Defendant-Appellant to exit his car and perform several standard field sobriety tests (FSTs). In response, the Defendant-Appellant claimed that he was "good to drive," but agreed to perform the FSTs. Before the FSTs began, the Defendant-Appellant explained that he had a recent knee injury and that his knee hurt, but that it was "alright at the moment."

Officer Angus said that the Defendant-Appellant remained cooperative throughout the administration of three FSTs. However, during the "walk and turn," the Defendant-Appellant exhibited four of the eight indicators of impairment and was unable to focus. During the "one leg stand," the Defendant-Appellant "swayed from side to side and he put his foot down," and exhibited two of the four indicators of impairment. During the administration of the Rhomberg test, the Defendant-Appellant estimated forty-nine seconds to be thirty seconds and appeared off balance while his eyes were closed. Due to his poor performance on the FSTs, the officer opined that the Defendant-Appellant's level of impairment was above .08, and he placed the Defendant-Appellant

under arrest for DUI. The Defendant-Appellant then became "verbally aggressive" and "belligerent." The officer said his conduct was "consistent with someone who [was] impaired by alcohol."

Officer Angus testified that the Defendant-Appellant demanded a blood test or breathalyzer. He explained the Tennessee Implied Consent Advisement form, which the Defendant-Appellant signed.[2] The Defendant-Appellant's blood test was administered at Williamson Medical Center sometime between 1:10 and 1:30 a.m., approximately an hour and a half after his arrest. April Bramlage, a special agent forensic scientist with the Tennessee Bureau of Investigation, analyzed the blood sample. The test results showed a blood alcohol concentration (BAC) of .22 percent. Agent Bramlage testified at trial that a person with a BAC of .22 percent would be "[g]reatly impaired," and "they would have a lot of central nervous system depress and effects that would make it detrimental to operating a car."

Based on the above proof, the trial court convicted the Defendant-Appellant of four counts of DUI as charged in the indictment. The trial court then conducted another hearing to determine whether the Defendant-Appellant's DUI conviction should be enhanced based on the two prior convictions listed in count six of the indictment. At this hearing, the State introduced two certified copies of prior convictions: a 1998 DUI conviction from the General Sessions Court in Wilson County, Tennessee; and a 2004 DUI conviction from the Circuit Court of Williamson County, Tennessee.

The Defendant-Appellant objected to the use of the 1998 DUI conviction for purposes of enhancement, arguing that he did not enter a knowing and voluntary guilty plea in that case because someone else's signature, rather than his, appeared on the judgment. In overruling the objection, the trial court referenced its reasoning from a prior unrelated case involving the same attorneys. The trial court then enhanced the Defendant-Appellant's conviction to third offense DUI based on the two listed prior convictions. Counts one, two, and three of the indictment were merged into count six, and the Defendant-Appellant was ordered to serve two concurrent terms of eleven months and twenty nine days imprisonment. He filed a motion for new trial, which was subsequently denied.[3] This timely appeal followed.

---

[2] This is a standard written acknowledgement form used in the State of Tennessee that informs individuals under arrest for DUI in violation of Tennessee Code Annotated section 55-10-40 of the consequences that arise for failure to submit to chemical testing.

[3] There is no transcript of the hearing on the motion for new trial contained in the record on appeal.

## ANALYSIS

**I. Admissibility of 1998 Wilson County DUI Conviction.** On appeal, the Defendant-Appellant argues that the trial court erred by using his prior 1998 Wilson County DUI conviction to enhance his punishment to DUI, third offense. He insists that the Wilson County judgment "is facially invalid for DUI enhancement purposes because the judgment does not affirmatively show that Defendant was either represented by counsel or had waived his right to be represented by counsel." To support this claim, the defense maintains that "prior convictions may not be used to enhance punishment upon a subsequent conviction unless the prosecution affirmatively established that the defendant was represented by counsel or waived his right to counsel at the time of the prior convictions."

In response, the State maintains that the Defendant-Appellant was represented by counsel, claiming that "[t]he line where the defendant would have signed to waive his right to counsel was instead signed by his attorney—'P[ublic] D[efender] Chaffin.'" Based on this assertion, the State asserts that the signature of the defendant's attorney shows that it was a counseled plea, thus rendering the judgment admissible for purposes of enhancement. Further, the State presents an alternative argument, which essentially claims that at best, the judgment is based on a silent record and presumed valid for enhancement purposes under State v. Wenzler, No. W2011-00873-CCA-R3-CD, 2013 WL 865333, at *3 (Tenn. Crim. App. Mar. 6, 2013), perm. app. denied (Tenn. 2013). For the reasons that follow, we agree with the State.

The judgment at issue consists of a single page, double sided document that can be folded to delineate four columns on the back of the page. On one side of the page, there are two separate headings, listed as "Affidavit of Complaint" at the top and "Arrest Warrant" at the bottom. The affidavit portion lists the case number as 32035, indicates that Carl C. Dotson committed the offense of DUI on October 23, 1998, and contains a handwritten description of the facts surrounding the offense. Similarly, the warrant section shows the general sessions case number as 32035 and that an officer cited the defendant for DUI on October 23, 1998. The other side of the document contains four columns, with the following captions: Judgment, Waivers, State of Tennessee v. Carl C. Dotson, and Judgment. Each column has form language, boxes, and signature lines. As relevant here, the information below Judgment has handwritten "See Order." The information contained beneath the Waiver heading contains three separate sections explaining the defendant's waiver of his right to jury trial, waiver of his right to a preliminary examination, and waiver of his right to counsel. The Defendant-Appellant's signature appears beneath the waiver of the right to jury trial and waiver of preliminary hearing. Beneath the right to counsel, there are two signature lines, one for the

-4-

"Defendant" and one for "Judge/Witness." Underneath the defendant signature line for waiver of right to counsel, the signature "P.D. Chaffin" appears.

Along with the judgment described above, the State introduced an order from the Wilson County General Sessions court referencing the same docket number as the "Affidavit of Complaint" for the 1998 DUI. The order states that the Defendant-Appellant's Wilson County DUI was heard on October 28, 1998, at which point the Defendant-Appellant was advised of his rights by the general sessions judge. The order additionally states that "the defendant entered a plea of guilty" and "[t]he court accepted said plea of guilty." For this offense, the Defendant-Appellant was sentenced to 11 months, 29 days, suspended upon serving 48 hours confinement and attending a DUI program. He also received a $350 fine and was prohibited from driving for one year. The order was signed by the general sessions court judge and dated October 28, 1998.

"[I]n the prosecution of second or subsequent offenders of [DUI], the official driver record maintained by the department and produced upon a certified computer printout shall constitute prima facie evidence of the prior conviction." T. C. A. § 55-10-403(g)(3)(A). If the defendant challenges the prior convictions, "the court may require that a certified copy of the judgment of conviction of the offense be provided for inspection by the court." T. C. A. § 55-10-403(g) (3) (C). "[U]nless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment." State v. McClintock, 732 S.W.2d 268, 272 (Tenn.1987). "[A] conviction is void on its face only when the face of the judgment or the record of the proceedings 'clearly and indisputably' reflects that the court of conviction lacked territorial jurisdiction." Hickman v. State, 153 S.W.3d 16, 25 (Tenn. 2004). A judgment of conviction demonstrating the convicting court's jurisdiction over the subject matter and the defendant is not invalid on its face merely because it is "silen[t] as to whether the [defendant] was represented by counsel or waived the right to counsel." Id. Finally, "the state does not have the initial burden to prove complete compliance with the right to counsel if there is a facially valid judgment, even if waiver is presumed." Wenzler, 2013 WL 86533, at *5 (citing Parke v. Raley, 506 U.S. 20, 34 (1992)).

In regard to this issue, the Defendant-Appellant argues, in effect, that the 1998 Wilson County DUI judgment of conviction is facially void because it is silent as to whether he was represented by counsel or waived his right to counsel. We are compelled to note that the cases relied upon by the Defendant-Appellant have been overruled. See Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585 (1980), overruled by Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921 (1994) (holding that an uncounseled misdemeanor conviction is valid when used to enhance punishment at a subsequent conviction); see also State v. Christopher Bomar Wenzler, No. W2011-00873-CCA-R3-CD, 2013 WL

86533 at *7 (Tenn. Crim. App. Mar. 6, 2013) (providing an exhaustive analysis of these cases and noting that cases with inconsistent holdings, such as State v. O'Brien, 666 S.W.2d 484 (Tenn. Crim. App. 1984) and State v. Whaley, 982 S.W.2d 346 (Tenn. Crim. App. 1997), were implicitly overruled to the extent they contradict the court's holding in Hickman). In any event, an order from the Wilson County Court of General Sessions was admitted to establish the prior DUI conviction. The order was signed by a General Sessions Court judge and stated that the Defendant-Appellant had been advised of his rights before he entered a guilty plea to DUI. The order was from a court of competent jurisdiction, had the appropriate case number, and date of the offense. In addition to the court order, a two-sided Affidavit/Judgment form with the same case number as the order was admitted to demonstrate the prior conviction. This form had the same case number, date of the offense, facts supporting the offense, and the particulars of the arrest. It also referenced the "Order" in the Judgment column. Prior to the section on the waiver of the right to counsel, the Defendant-Appellant's signature appears twice, attesting to his waiver of the right to a preliminary hearing and jury trial. Instead of the Defendant-Appellant's signature, however, an attorney's signature appears underneath the waiver of the right to counsel. The judgment in this case is not facially void because, when read together, the General Sessions Court Order and the "Affidavit/Judgment" demonstrate personal and subject matter jurisdiction over the Defendant-Appellant. Alternatively, where the judgment "does not clearly reflect that the defendant was denied the right to counsel," then "[t]he judgment is merely silent [and] [a]dditional information outside the judgment would be needed" to establish that the Defendant-Appellant was in fact not represented by counsel. Hickman, 153 S.W.3d at 27. "'[W]here additional proof is needed, the judgment is at most voidable, rather than void[.]'" Id. Therefore, we conclude that the 1998 Wilson County judgment "is not void on its face and is instead entitled to the presumption of regularity." See id. The trial court properly admitted the Wilson County judgment for enhancement purposes, and the Defendant-Appellant is not entitled to relief on this issue.

**II. Sufficiency of the Evidence.** The Defendant-Appellant next argues that the evidence is insufficient to support his conviction for DUI. Rather than challenging the elements of the offense, he disputes the testimony of Officer Angus. Specifically, the Defendant-Appellant claims that Officer Angus "offered minimal testimony on defendant's alleged DUI" and "observed no suspect driving." Because he was compliant during the administration of the FSTs, he insists that the results of the FSTs cannot support a finding of DUI. He further argues that the police video "is the best evidence and it shows unambiguously that the defendant was not impaired." In response, the State argues that the evidence was sufficient to sustain the DUI conviction. We agree with the State.

When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." When considering the sufficiency of the evidence on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. State v. Davis, 354 S.W.3d 718, 729 (Tenn. 2011) (citing State v. Majors, 318 S.W.3d 850, 857 (Tenn. 2010)). "Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961)). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. Dorantes, 331 S.W.3d at 379 (citing State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence, this court shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. Id.

In order to sustain a DUI conviction as charged in this case, the State had to prove beyond a reasonable doubt that the Defendant-Appellant drove or was "in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys . . . or any other premises that is generally frequented by the public at large, while . . . [u]nder the influence of any intoxicant[.]" T.C.A. § 55-10-401(1) (2015). Pursuant to Tennessee Code Annotated

section 55-10-403 (2006), the conviction and punishment are enhanced if a defendant has prior DUI convictions.

The Defendant-Appellant argues that the police video does not support a factual finding of impairment. He states that, in the video, he "appears to pass all field sobriety tests," and that "[m]inor mistakes that he made while performing two of the tests were not grounds for failure." He further claims that he "gave no indication of impairment as he remained articulate and steady on his feet throughout the entire stop." Contrary to the Defendant-Appellant's claims, the police video shows, and testimony from Nivens and Officer Angus confirms, that the Defendant-Appellant was operating a vehicle when he was stopped in the Mapco parking lot. Nivens and Officer Angus testified at trial that the Defendant-Appellant was exhibiting clear signs of intoxication and smelled of alcohol. There were empty beer cans in the Defendant-Appellant's car, and he admitted that an open beer can in the center console was his. The video recording further shows that during the administration of the FSTs, the Defendant-Appellant performed poorly, exhibited slurred speech, and had difficulty maintaining his balance. Finally, the Defendant-Appellant had a blood alcohol concentration of .22 percent, which more than exceeds the legal limit of .08 percent. Accordingly, there was more than ample evidence for any rational juror to find the Defendant-Appellant guilty of the essential elements of DUI beyond a reasonable doubt. He is not entitled to relief.

## CONCLUSION

We conclude that the trial court properly admitted the 1998 Wilson County DUI conviction and that the evidence is sufficient to sustain his conviction for driving under the influence, third offense. The judgments of the trial court are affirmed.

_____
CAMILLE R. McMULLEN, JUDGE